■ Ulric Todman, Appellant, v Akiko Yoshida, Defendant, and Wesley Brown et al., Respondents. [881 NYS2d 422]—

Order, Supreme Court, New York County (Marylin G. Diamond, J.), entered April 24, 2008, which granted the motion of defendants Brown and Cook-Brown to preclude plaintiff's expert from testifying at trial and for summary judgment dismissing the complaint, unanimously affirmed, without costs.

The court correctly precluded the testimony of plaintiff's expert toxicologist. The foundation for the expert's opinion that

plaintiff's alleged health condition was caused by toxic chemicals contained in the wood-stripping agents used by defendant Yoshida in an apartment in the building owned by Brown and Cook-Brown lacked the "specific causation" component, i.e., that plaintiff was exposed to levels of the toxins sufficient to cause the condition (*see Parker v Mobil Oil Corp.*, 7 NY3d 434, 448 [2006]). While "not required to pinpoint exposure with complete precision," the expert failed even to offer a "scientific expression" of plaintiff's exposure (*id.* at 449).

He neither provided a measurement of plaintiff's exposure nor employed any of the available methods for reasonably estimating it, such as mathematical modeling or comparing plaintiff's exposure level to those of study subjects whose exposure levels were precisely determined. Absent was any statement that the chemicals in question are capable of causing injury at even the lowest exposure level.

In his affidavit submitted in opposition to defendants' motion, the expert also failed to provide any measurement or estimate of plaintiff's exposure to the subject toxins. While he opined, based on the manner in which Yoshida used the wood-stripping agents, that Yoshida's exposure to the toxins contained in those agents exceeded the limits set by the Occupational Safety and Health Administration (OSHA), "standards promulgated by regulatory agencies as protective measures are inadequate to demonstrate legal causation" (*id.* at 450). Furthermore, he failed to state any relationship between Yoshida's exposure and that of plaintiff, who occupied a different apartment.

Thus, based upon defendant's showing that the testimony of plaintiff's expert toxicologist should be precluded, the complaint was correctly dismissed on the ground that plaintiff lacked the requisite causation evidence. Concur—Tom, J.P., Saxe, Sweeny, Acosta and Abdus-Salaam, JJ.